```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION


ANDAMON CARL WILLIAMS,

                 Petitioner,

vs.                                    Case No.  2:10-cv-608-FtM-29DNF
                                       Case No.  2:07-cr-134-FtM-29DNF

UNITED STATES OF AMERICA,

                 Respondent.
_____
```

## OPINION AND ORDER

This matter comes before the Court on Petitioner Andamon Carl William's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cr. Doc # 116; Cv. Doc. # 1)[1]. The United States filed a Response (Cv. Doc. # 8) asserting the motion should be dismissed on procedural grounds or, alternatively, denied on substantive grounds.

### I.

On November 7, 2007, Andamon Carl Williams (petitioner) was charged in a one-count Indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§

---

[1] The Court will make reference to the dockets in the instant action and the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."  Page numbers refer to those on the upper right corner generated by CM/ECF.

922(g)(1) and 924(e). (Cr. Doc. # 1.) On October 31, 2008, petitioner pled guilty to the charge pursuant to a written Plea Agreement. (Cr. Docs. ## 87-90.) In the Plea Agreement, petitioner admitted to having prior felony convictions for five specifically identified felonies. (Cr. Doc. # 87, pp. 12-13.)

At the January 27, 2009 sentencing, the Court adopted the Pre-sentence Report (PSR) without objection, and determined petitioner qualified as an armed career criminal under the Armed Career Criminal Act (ACCA). (Cr. Doc. # 118, p. 19.) The Court found petitioner's Total Offense Level was 30 and his criminal history was a Category VI, which resulted in a Sentencing Guidelines range of 180 to 210 months imprisonment. (Cr. Doc. # 118, p. 19.) The Court sentenced petitioner to the statutory mandatory minimum sentence of 180 months. (Cr. Docs. ## 111, 118.) Petitioner was informed of his direct appeal rights (Cr. Doc. # 118, pp. 25-26), but did not file a direct appeal (Cv. Doc. # 1, p. 2).

**II.**

Petitioner's § 2255 motion asserts that he is actually innocent of the enhanced sentence under the ACCA in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010). (Cv. Doc. #1, p. 4.) Petitioner asserts his prior convictions for burglary of a dwelling and battery on a detention or commitment facility staff member no longer qualify as violent felonies, and his drug conviction could not be used, and therefore

-2-

he does not qualify as an armed career offender.  (Cr. Doc # 116; Cv. Doc. # 1.)  Petitioner's motion states that he is left with "only two qualifying convictions, if they qualify."  (Cr. Doc # 116; Cv. Doc. # 1.)  The Court will liberally interpret[2] this as an additional argument, and will address whether petitioner's prior convictions for aggravated assault and possession of cocaine with intent to sell within 1000 feet of a school qualify under the ACCA. Additionally, petitioner requests appointment of counsel and an evidentiary hearing.  (Cr. Doc # 116; Cv. Doc. # 1.)

The United States concedes that the petition is timely under 28 U.S.C. § 2255(f)(3) and raises a cognizable claim (Cv. Doc. #8, p. 4), but asserts that petitioner procedurally defaulted this claim, and that in any event, petitioner is not entitled to relief on the merits of his claim.  (Cv. Doc. # 8.)  The Court agrees with both positions.

**A.  Procedural Default**

The United States asserts that petitioner's claim is procedurally defaulted because petitioner did not challenge the career offender designation at sentencing or on direct appeal. The Court agrees.

A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally

---

[2]Because petitioner is proceeding *pro se*, the Court must read his pleadings liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

-3-

barred from raising the claim in a § 2255 motion. <u>Jones v. United States</u>, 153 F.3d 1305, 1307 (11th Cir. 1998). Here, petitioner did not challenge the career offender predicate offenses at sentencing or on direct appeal. (Cv. Doc. # 1, p. 2.) The procedural default may be excused, however, by a showing of cause and prejudice or a fundamental miscarriage of justice. "Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." <u>McKay v. United States</u>, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal quotation marks and citation omitted). A defendant may also show a fundamental miscarriage of justice to overcome the procedural bar by demonstrating "actual innocence" of the offense. <u>Id.</u> Petitioner asserts actual innocence as his excuse for the procedural default in this case.

The Eleventh Circuit has not recognized actual innocence as an excuse to procedural default in the context of challenges to non-capital sentences. <u>McKay</u>, 657 F.3d at 1196-97. But even assuming that the actual-innocence exception can apply to a non-capital sentence, a petitioner must show that he is factually innocent of the prior convictions. <u>McKay</u>, 657 F.3d at 1197-98. In <u>McKay</u>, petitioner argued that he was erroneously sentenced as a career offender because one of his predicate convictions was no longer considered a "crime of violence." <u>Id.</u> at 1191, 1198. The Eleventh

Circuit held that this was a claim of legal, rather than factual, innocence, and did not fall within the purview of the actual-innocence exception.  Id. at 1198-99.

So too in this case.  Petitioner only alleges that he is innocent of the enhancement because his underlying convictions are no longer considered crimes of violence.  He does not allege factual innocence, i.e., that he did not commit the predicate offenses.  Therefore, the actual innocence exception does not apply, and petitioner's claim is procedurally defaulted because it was not raised at sentencing or on direct appeal.

**B.  Merits of Johnson Claim**

The United States argues alternataively that petitioner's claim lacks substantive merit.  The Court agrees, and in the alternative denies the § 2255 motion on the merits.

The ACCA requires a mandatory minimum sentence of fifteen years imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three previous convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Petitioner contends that he was improperly sentenced as an armed career criminal because his prior convictions for aggravated assault; battery on detention or commitment facility staff; burglary of a dwelling; and possession of cocaine with intent to sell within 1000 feet of a school do not qualify as predicate offenses under the ACCA.

Petitioner's argument fails because he still has at least three prior convictions which qualify under the ACCA.

**(1) Violent Felonies**

A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B). In Johnson, the Supreme Court defined the phrase "physical force" as requiring violent force, that is "force capable of causing physical pain or injury to another person." Johnson, 130 S. Ct. at 1271. The Supreme Court concluded that a felony battery offense under Fla. Stat. § 784.039(1)(a), (2) (2003) was not categorically a violent felony. Id. at 1272-3.

In order to determine if a prior conviction qualifies as a violent felony, a court may rely on the statute defining the offense and the description of the underlying facts of the offense contained in the Pre-sentence Report if they have not been challenged by the defendant. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006); United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009). Petitioner's convictions are as follows:

### (a)  Aggravated Assault With Deadly Weapon:

According to the Plea Agreement and the Pre-sentence Report, petitioner was convicted of aggravated assault with a deadly weapon in 1999.  (PSR ¶ 37.)  The Eleventh Circuit has held that the generic offense of "aggravated assault" involves a criminal assault accompanied by the aggravating factors of either the intent to cause serious bodily injury to the victim or the use of a deadly weapon.  United States v. Garcia, 606 F.3d 1317, 1332 (11th Cir. 2010).  Under Florida law, an "aggravated assault" is an "assault" committed either with "a deadly weapon without intent to kill" or an assault committed with intent to commit a felony.  Fla. Stat. § 784.021(1)(a), (b) (1999).  An "assault" "is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."  Fla. Stat. § 784.011 (1999).  Because Fla. Stat. § 784.021(1)(a) requires the threatened use of a deadly weapon, it falls within the generic definition of aggravated assault and qualifies as a violent felony.  See United States v. Escobar-Pineda, 428 F. App'x 961, 962 (11th Cir. 2011); United States v. Dominguez, 426 F. App'x 715, 717 (11th Cir. 2011). Therefore, petitioner's prior conviction for aggravated assault with a deadly weapon still qualifies as a violent felony.

**(b) Battery on Detention Facility Staff:**

In 2003, petitioner was convicted under Fla. Stat. § 784.075 for battery on detention or commitment facility staff, a felony of the third degree. A battery is committed when a person "1. [a]ctually and intentionally touches or strikes another person against the will of the other; or 2. [i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a). The PSR's description of the offense states that petitioner "kicked [a] corporal's hand, causing two small cuts and an abrasion to his right hand." (PSR ¶ 43.) "Because [ ] kicking involves strong physical force designed to injure a victim," United States v. Patterson, 423 F. App'x 921, 923-24 (11th Cir. 2011), and the victim suffered injuries to his hand as a result of the battery, petitioner's conviction still qualifies as a violent felony.

**(c) Burglary of Dwelling:**

Petitioner asserts that his prior conviction for burglary of a dwelling does not qualify as a violent felony because it "does not have as an element the use, attempted use, or threatened use of physical force against the person of another." (Cr. Doc. # 116; Cv. Doc. # 1.) Contrary to petitioner's assertion, both the Supreme Court and the Eleventh Circuit have held that a prior conviction for burglary in violation of Fla. Stat. § 810.02 constitutes a violent felony because "the burglar could come into contact with the property's owners or occupants and that his

presence alone could be considered threatening and lead to violence." United States v. Wheeler, 434 F. App'x 831, 833 (11th Cir. 2011), cert. denied, 132 S. Ct. 599 (2011). See also James v. United States, 550 U.S. 192, 212 (2007); United States v. Matthews, 466 F.3d 1271, 1276 (11th Cir. 2006).  Therefore, petitioner's prior conviction for burglary of a dwelling qualifies as a violent felony for purposes of the ACCA.

**(2) Serious Drug Offense**

Petitioner also asserts that his prior conviction for possession of cocaine with intent to sell within 1000 feet of a school does not qualify as a serious drug offense, although he gives no reason.  The Court finds that the conviction does qualify.

The ACCA defines a "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii). Florida law prohibits any person to "sell, manufacture, or deliver, or possess with intent to sell, manufacture or deliver, a controlled substance in, on, or within 1000 feet of the real property comprising . . . a public or private elementary, middle, or secondary school . . . ."  Fla. Stat. § 893.13(1)(c).  A person who violates § 893.13(1)(c) with respect to a controlled substance, including cocaine, commits a first-degree felony punishable by up

to thirty years imprisonment. Fla. Stat. §§ 893.13(1)(c)(1), 893.03(2)(a)(4), 775.082(3)(b). Petitioner's conviction qualifies as a serious drug offense because it required the intent to distribute cocaine, a controlled substance, and carried a maximum term of imprisonment of thirty years. See United States v. James, 430 F.3d 1150, 1155 (11th Cir. 2005) ("The language of the Florida statute need not exactly match the ACCA's definition of a 'serious drug offense.'"); United States v. Adams, 372 F. App'x 946, 951 (11th Cir. 2010) (holding that a conviction under Fla. Stat. § 893.13(1) is a serious drug felony), cert. denied, 130 S. Ct. 3527 (2010).

Combined with petitioner's prior convictions for aggravated assault, battery on detention or commitment facility staff and burglary of a dwelling, petitioner was properly sentenced as an armed career criminal because he had four qualifying convictions. Thus, even if the claim was not procedurally barred, petitioner is not entitled to the relief he seeks.

**C. Evidentiary Hearing and Appointment of Counsel**

The Court finds that petitioner has not established an entitlement to an evidentiary hearing. A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . " 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him

to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner's claim is without merit. Therefore, the Court finds that an evidentiary hearing is not warranted in this case, and his motion for an evidentiary hearing is denied.

Petitioner is not entitled to appointment of counsel in this case. "[T]here is no federal constitutional right to counsel in postconviction proceedings." Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006). "Counsel must be appointed for an indigent federal habeas petitioner only when the interests of justice or due process so require." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983). No such showing has been made in this case.

An evidentiary hearing and appointment of counsel are unnecessary because it "plainly appears from the face of the motion . . . and the prior proceedings in this case that the movant is not

entitled to relief." Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002); 28 U.S.C. § 2255(b).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cr. Doc # 116; Cv. Doc. # 1) is **DISMISSED as procedurally defaulted, or in the alternative, is DENIED AS WITHOUT MERIT** for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues

presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of October, 2012.

                                              JOHN E. STEELE
United States District Judge

Copies:
AUSA
Andamon Carl Williams